UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE L. HILL | CIVIL ACTION |
| VERSUS | NO. 23-3956 |
| DEPUTY C. MAYNARD | SECTION "M" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Shane L. Hill filed a complaint pursuant to 42 U.S.C. § 1983 which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the court has determined that this matter can be disposed of without an evidentiary hearing.

I.  **FACTUAL ALLEGATIONS**

Hill is currently a pretrial detainee housed in the Plaquemines Parish Detention Center. ECF No. 1, ¶4, at 2. He filed this *pro se* and *in forma pauperis* § 1983 complaint against Plaquemines Parish Sheriff's Deputy C. Maynard in both his individual and official capacities. *Id*., ¶5, at 2; *id*., ¶10, at 3. Hill alleges that on September 13, 2022, he was working with Barry Delacruz aboard the commercial fishing vessel *Miss Treasure* moored in the Buras boat harbor. *Id*. at ¶11. Hill alleges that he and Delacruz were involved in a fist fight that ended when Delacruz threw a bucket of human excrement on to Hill. *Id*. at ¶12; *id*. at ¶14, at 4. The police were called but arrived after the fight was over while Hill was standing in his underwear on the aft deck cleaning himself off. *Id*., ¶13, at 3; *id*., ¶15, at 4. Hill further alleges that Deputy Maynard spoke with Delacruz and undermined Hill's request for the deputy to provide the factual basis for an

arrest. *Id.* at ¶16. Hill claims that this was disparate treatment by Deputy Maynard in violation of equal protection laws since both men had a criminal history. *Id.* at ¶17; *id.* at ¶ 18. Hill asserts that he was arrested for violation of LA. STAT. ANN. § 14:103(a)(1) for disturbing the peace while engaging in a fistic encounter. *Id.* at ¶19. He entered a plea of guilty to the charge and was released on October 24, 2022, with credit for the 41-days he had already served in jail. *Id.* at ¶20 at 4-5.

Hill contends that Deputy Maynard's actions amounted to a violation of equal protection and unlawful seizure under the Fourth and Fourteenth Amendments to the United States Constitutional and violations under the Louisiana Constitution. *Id.*, ¶21, at 5. He also asserts a claim of discrimination in violation of La. Civ. Code art. 2315. *Id.*; *id.* at ¶22.

As relief, he seeks to recover, after trial on the merits, nominal, compensatory, punitive, and general damages and court costs. *Id.*, ¶23, at 6.

## II.   LEGAL STANDARDS

### A.   Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A claim is frivolous if it "lacks an arguable basis in law or fact."[2] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.
[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

level of the irrational or wholly incredible . . . ."[4]  A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6]  The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7]  The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9]  Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

---

[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[5] *Id.* at 270.
[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).
[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and quoting *Twombly*, 550 U.S. at 544).
[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

### B. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)   deprivation of a right secured by the U.S. Constitution or federal law;
(2)   that occurred under color of state law; and
(3)   was caused by a state actor.[16]

---

[11] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[12] Id.
[13] Id.
[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[16] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

### III. ANALYSIS

#### A. Official Capacity Claims are Frivolous

Hill sued Deputy Maynard in his official capacity on the same claims urged against him in an individual capacity, *i.e.* alleged unconstitutional or unlawful seizure and arrest, as well as discriminatory arrest and prosecution. It is well settled that a suit against a municipal official in his official capacity is another way suing the entity that official represents.[20] A claim of municipal liability under § 1983 requires proof of (1) an official policy, (2) promulgated by the municipal policymaker, (3) that was the moving force behind the alleged violation of a constitutional right.[21] "Official municipal policy includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."[22] Thus, to state a non-frivolous claim, Hill must establish Deputy Maynard as a policy-maker and identify the specific Plaquemines Parish policy and its relationship to the violation of his constitutional rights.[23]

---

[17] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); accord *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).
[20] *Monell v. New York City Dep't of Soc'l Servs.*, 436 U.S. 658 (1978).
[21] *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017).
[22] *Connick v. Thompson*, 563 U.S. 51, 60 (2011).
[23] *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

Hill does not identify any such policy or facts indicating that Deputy Maynard is a final policy-maker for the Parish. Instead, he simply presents facts from an isolated incident leading to his arrest after he admittedly was engaged in a fist fight with his boatmate. Hill's assertion of official liability falls far short of stating a non-frivolous claim against Deputy Maynard under *Monell*. His claims against Deputy Maynard in an official capacity should therefore be dismissed with prejudice pursuant to 28 U.S.C. § 1915, § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### B. Individual Capacity Claims and the *Heck* Doctrine

Hill seeks an award of damages against Deputy Maynard based on his claims of unconstitutional arrest and prosecution that resulted in his wrongful conviction, despite acknowledging his plea of guilty in October of 2022. Although Hill claims that he has since been released for time served on that conviction, his claims against the Deputy in his individual capacity are barred by the doctrine pronounced by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. This limitation avoids collateral attacks on convictions that are still outstanding.[24] The *Heck* doctrine applies to civil actions for both monetary and injunctive or other relief.[25] Though deemed an unsettled topic by the Supreme Court, the United States Fifth Circuit Court of

---

[24] *Heck*, 512 U.S. at 484-85.
[25] *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

Appeals has held that *Heck* applies to a prisoner's § 1983 challenge to a conviction even after his release from custody on that conviction.[26]

In this case, success on Hill's claims against Deputy Maynard would imply the invalidity of his arrest and subsequent state court conviction for disturbing the peace.[27] Hill does not allege that his conviction has been overturned, invalidated, or in any way called into question as required by *Heck* and its progeny. Thus, Hill's § 1983 claims of unconstitutional arrest and discriminatory arrest and prosecution cannot proceed. The claims must be dismissed with prejudice pending his compliance with the conditions expressed in *Heck*.[28]

    **C.**    **State Law Claims**

Hill has also asserted claims of false and discriminatory arrest and prosecution against Deputy Maynard under the Louisiana Constitution and LA. CIV. CODE art. 2315. Because I recommend that Hill's § 1983 claims be dismissed, and no possible basis for federal subject matter jurisdiction is otherwise reflected from the face of this complaint, the court has discretion either to decline or exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). Considering the statutory provisions of § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity and considering the early stage of this proceeding, this

---

[26] *Black v. Hathaway*, 616 F. App'x 650, 653-54 (5th Cir. 2015) (citing *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (holding that *Heck* "unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction, his claim 'is not cognizable under [section] 1983,'" even if he is no longer in custody), and *Muhammad v. Close*, 540 U.S. 749, 752 (2004) (recognizing that application of *Heck* to claims by a defendant released on completed sentence is unsettled)).

[27] "False-arrest and malicious-prosecution claims - as attacks on probable cause – 'focus on the validity of the arrest.' Thus, '[i]f there was probable cause for any of the charges made . . . then the arrest was supported by probable cause,' and *Heck* applies." *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (quoting *Wells v. Bonner*, 45 F.3d 90, 94-96 (5th Cir. 1995)).

[28] *Johnson v. McElveen*, 101 F.3d 423, 424 (1996) (dismissal under *Heck* is with prejudice until the *Heck* conditions are met).

court should decline to exercise jurisdiction over any state law constitutional or tort claims and dismiss those claims without prejudice.[29]

## IV. RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Shane L. Hill's 42 U.S.C. § 1983 claims against Deputy Maynard in an official capacity be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915, § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

It is further **RECOMMENDED** that Hill's § 1983 claims against Deputy Maynard in his individual capacity challenging Hill's arrest and conviction for disturbing the peace be **DISMISSED WITH PREJUDICE** until such time as the conditions provided in *Heck* are met.

It is further **RECOMMENDED** that Hill's state constitutional and tort law claims against Deputy Maynard be **DISMISSED WITHOUT PREJUDICE** because the court declines to exercise supplemental jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[29] Louisiana courts have followed the *Heck* doctrine to bar state law claims if the claims challenge the validity of the underlying criminal conviction. *Anderson v. City of Minden*, 2009 WL 1374122, at *5–6 (W.D. La. May 15, 2009) (citing *Roberson v. Town of Pollock*, 915 So. 2d 426, 433–34 (La. App. 3 Cir. 2005) (citing Louisiana appellate decisions applying the *Heck* doctrine to state law civil actions and precluding such actions if it would invalidate a criminal conviction)). Thus, any state law claims against Deputy Maynard in his individual capacity challenging the validity of Hill's arrest and conviction may also be barred by *Heck* under state law. However, since Hill also asserts negligence and official capacity claims against Deputy Maynard, the more prudent recommendation is to decline supplemental jurisdiction as to all of Hill's state law claims.

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[30]

Dated this 7th day of December, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[30] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.